UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY and SANSONE GROUP, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:25-cv-00538-SRC |
| v. | ) ) | |
| KINSALE INSURANCE COMPANY and METROPOLITAN VILLAGE APARTMENTS, L.P., | ) ) ) ) | |
| Defendants. | ) ) | |

**Memorandum and Order**

In light of a pending state-court case, Cincinnati Insurance and Sansone Group filed this case seeking a declaratory judgment. They seek a declaration regarding the parties' legal rights, status, and legal relationships under two commercial-general-liability policies and a management agreement. Kinsale Insurance claims that Cincinnati Insurance and Sansone Group fraudulently joined Metropolitan Village Apartments, but the Court finds that Cincinnati Insurance and Sansone Group have pleaded a colorable claim against Metropolitan.

I.      **Background**

A.      **Factual background**

The Court accepts the following allegations as true for purposes of resolving Cincinnati and Sansone Group's motion. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (explaining that a court must consider whether a colorable cause of action exists under "the facts alleged" (citation omitted)).

In a pending state-court case, Carla Smith and Claude Lacy, Jr., the children of the late Carolyn Jenkins, seek to recover from Metropolitan and Sansone Group for their alleged

negligence in the management of Metropolitan.  Doc. 6 at ¶ 14; doc. 6-1 at 4–14 (The Court cites to page numbers as assigned by CM/ECF.).  On October 20, 2021, Sansone Group entered an agreement to serve as Metropolitan's real-estate manager (hereinafter, the "management agreement").  Doc. 6 at ¶¶ 14, 16.  Their management agreement set forth their respective rights and responsibilities, *id.* at ¶ 20, and was effective from November 1, 2021, to October 31, 2022, *id.* at ¶ 17.  Specifically, the management agreement lists Metropolitan as the owner of the property and Sansone as Metropolitan's agent, *id.* at ¶ 18, and indicates that, among other things, Sansone Group must "cause" certain "insurance to be placed and kept in effect at all times," *id.* at ¶ 21 (quoting doc. 6-2 at 9).

This case concerns the priority of insurance coverages available under two commercial-general-liability (CGL) policies to Sansone Group in the state-court case.  *Id.* at ¶¶ 5–6, 11–12.  Cincinnati Insurance issued one of the CGL policies to Sansone Group, and that policy bore number EPP 056 39 82.  *Id.* at ¶ 6.  The Cincinnati policy was effective from January 1, 2022, to January 1, 2023.  *Id.*  Kinsale Insurance issued the other CGL policy to Metropolitan.  *Id.* at ¶ 5.  The Kinsale policy bore policy number 0100193698-0 and was effective from June 6, 2022, to June 6, 2023.  *Id.*  "Sansone Group is an insured under the Kinsale" policy "because it was at all relevant times acting as . . . [Metropolitan's] real estate manager and because the [m]anagement [a]greement required Metropolitan . . . to name Sansone" Group "as an insured for" its work.  *Id.* at ¶ 24.

Both the Kinsale policy and the Cincinnati policy had an other-insurance provision that addressed the circumstances in which the respective policy would be considered primary insurance or excess insurance.  *Id.* at ¶¶ 23, 26.

In the underlying case, Kinsale Insurance "fail[ed] to acknowledge . . . primary status of its liability coverage for Sansone" Group.  *Id.* at ¶ 33.  As a result, Cincinnati Insurance "has

2

incurred defense and other litigation costs and expenses on behalf of Sansone" Group "and continues to incur those costs and expenses." *Id.*

### B.    Procedural background

Cincinnati Insurance and Sansone Group filed this case in state court, and Kinsale Insurance removed it to this Court. Doc. 1. In their complaint, Cincinnati Insurance and Sansone Group alleged only a claim for declaratory judgment. Doc. 6 at ¶¶ 28–33. They now move to remand this case to state court, claiming that Kinsale Insurance improperly removed this case based on the fraudulent-joinder doctrine. Doc. 14.

## II.    Standard

A defendant may remove to federal court any state-court civil action over which the federal court could exercise original jurisdiction, 28 U.S.C.§ 1441(a), including "all civil actions where the matter in controversy exceeds" $75,000, "exclusive of interest and costs, and is between . . . citizens of different States," 28 U.S.C. § 1332(a)(1). A "plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (first quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914); and then citing *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007)).

To prove fraudulent joinder, a defendant must show that the plaintiff's claim against the relevant defendant "has 'no reasonable basis in fact and law.'" *Id.* at 977 (quoting *Filla*, 336 F.3d at 810). In other words, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." *Id.* at 980 (quoting *Filla*, 336 F.3d at 810). On the other hand, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811).

3

This standard "require[s] the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Id.* (citation omitted). "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla*, 336 F.3d at 810 (citation omitted). The Court resolves "all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," *id.* at 811 (citation omitted), and if the sufficiency of the complaint is questionable, the "better practice" is "to remand the case and leave the question for the state courts," *id.* (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

## III.    Discussion

Upon removal, Kinsale Insurance asserted that Cincinnati Insurance and Sansone Group fraudulently joined Metropolitan in this declaratory-judgment case. Doc. 1. Cincinnati Insurance and Sansone Group are citizens of different states than Kinsale Insurance and the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. Doc. 1 at ¶¶ 13–16. Accordingly, if Cincinnati Insurance and Sansone Group fraudulently joined Metropolitan, as Kinsale Insurance asserts, the Court has subject-matter jurisdiction under section 1332(a)(1), and the Court must dismiss the declaratory-judgment claim against Metropolitan. *See Johnson v. Midwest Div. - RBH, LLC*, 88 F.4th 731, 736 (8th Cir. 2023). But if the Court concludes that fraudulent joinder did not occur, the Court must remand this case to state court for lack of subject-matter jurisdiction because Sansone Group and Metropolitan are citizens of the same state (Missouri). *See* doc. 1 at ¶¶ 14–15, 17, 31; doc. 6 at ¶ 4; 28 U.S.C. §§ 1332(a)(1), (c)(1).

In their motion to remand, Cincinnati Insurance and Sansone Group assert that Metropolitan is a "necessary party" in this case and therefore isn't fraudulently joined. Doc. 14

4

at ¶ 3.  Specifically, they argue that (1) it's improper for Kinsale Insurance to assert on Metropolitan's behalf that Metropolitan doesn't have an interest in the interpretation of the contracts; (2) in addition to interpreting the Cincinnati policy and the Kinsale policy, the complaint asks the Court to construe the management agreement; and (3) the priority-of-coverage issue may affect the availability of insurance proceeds to Metropolitan under the Kinsale policy in connection with the claims asserted in the underlying case.  Doc. 14-1 at 2–4.  As explained, the Court agrees with Cincinnati Insurance and Sansone Group that Metropolitan isn't fraudulently joined.

"Unlike the [F]ederal Declaratory Judgment Act, which acts as a remedy and not a claim, Missouri law provides for a stand-alone declaratory judgment action."  *Rehkemper & Sons, Inc. v. Mid-Rivers Dev. & Constr. LLC*, No. 4:21-CV-00380-SEP, 2021 WL 6072496, at *3 (E.D. Mo. Dec. 23, 2021) (citing *Eco-Site, LLC v. City of Univ. City*, No. 4:17-cv-2880 SNLJ, 2018 5761765, at *6 (E.D. Mo. Nov. 2, 2018)).  Specifically, Missouri Revised Statute § 527.020 provides that "[a]ny person interested under a . . . written contract . . . may have determined any question of construction or validity arising under the . . . contract."

Here, Cincinnati Insurance and Sansone Group's complaint centers on seeking a declaratory judgment regarding two CGL policies and determining the legal relationships between the parties.  *See* doc. 6.  Specifically, Cincinnati Insurance and Sansone Group ask the Court "to construe the Kinsale . . . [p]olicy and the Cincinnati . . . [p]olicy and [to] declare the rights, status, and legal relationship of the parties."  *Id.* at ¶ 31.  Although the complaint isn't a model of clarity, it seeks a declaration about two primary legal relationships.

First, the complaint seeks a declaration about the legal relationship among Cincinnati Insurance, Kinsale Insurance, and Sansone Group regarding the underlying case.  *See, e.g.*, *id.* (seeking a declaration about "the priority of coverage available for the claims asserted against

5

Sansone" Group "and the cost of Sansone[]" Group's defense in the underlying case).  Second, the complaint seeks a declaration about the legal relationship between Sansone Group and Metropolitan under the management agreement.  *See id.* at ¶¶ 31–32.  As for the second legal relationship, the complaint alleges that Sansone Group and Metropolitan entered an agreement that made Sansone Group Metropolitan's agent, *id.* at ¶¶ 16–21, and that the management agreement sets forth certain rights and responsibilities of both Sansone Group and Metropolitan, *id.* at ¶ 20.

Under the facts alleged, the Court cannot conclude that "no reasonable basis in fact and law supporting a claim against" Metropolitan exists.  *Filla*, 336 F.3d at 810 (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).  Instead, the complaint supports the conclusion that Cincinnati Insurance and Sansone Group pleaded "a 'colorable' cause of action" for declaratory judgment against Metropolitan at a minimum regarding the management agreement.  *Id.* (citation omitted); doc. 6 at ¶¶ 16–21, 31–32.  Thus, "there is no fraudulent joinder."  *Filla*, 336 F.3d at 810.

## IV.    Conclusion

For these reasons, the Court grants Cincinnati Insurance and Sansone Group's [14] Joint Motion to Remand.  Pursuant to section 1447(c), the Court remands this case to the Circuit Court of St. Louis County, Missouri, and directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court.  A separate order of remand accompanies this Memorandum and Order.

So ordered this 14th day of August 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE